# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLIS WOODS, #R-00051, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-870-JPG |
| | ) |
| DONALD GAETZ, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate currently in the Pontiac Correctional Center, but at all times relevant to this action in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint may not be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case are gleaned from Plaintiff's complaint (Doc. 1). In 2009 Plaintiff began receiving threats from a prison gang in the form of written notes. In December 2009 Plaintiff took these notes to Defendant Gaetz, and informed him that his life was in danger and that he wanted to be placed in protective custody. Defendants Gaetz and Wolter denied this request.

At a later date Plaintiff was placed in segregation. While in segregation, Plaintiff wrote letters to Defendants Gaetz, Durham, Ryan, Wolter, and Greathouse, informing them of the threats that had been made against him and explaining his desire to be placed in protective custody when he was released from segregation. Plaintiff was released back to general population May 17, 2010, on which date he informed Defendant T. Roy of his concerns for his personal safety. Plaintiff's requests for protective custody status were ignored.

On May 25, 2010 Plaintiff went to the recreational yard with his unit, where he was attacked by a member of the threatening prison gang. Plaintiff sustained injuries to his groin and throat, and had to undergo medical treatment for the pain. Thereafter Plaintiff filed an emergency grievance, after which the administrative review board approved Plaintiff for placement in the protective custody unit.

**Discussion:**

Plaintiff alleges that Defendants Gaetz, Durham, Wolter, Greathouse, Ryan, and T. Roy failed to protect him from a known threat in the form of the prison gang. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim, *Pinkston*, F.3d at 889 (*discussing Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here Plaintiff alleged that he informed Defendants Gaetz, Durham, Wolter, Greathouse, Ryan, and T. Roy that the prison gang in question had threatened him, and that they would attempt to assault him. Even with this specific threat to Plaintiff's safety, the Defendants failed to move him to protective custody, which resulted in Plaintiff being assaulted by a member of the gang that Plaintiff had warned them about. Because Plaintiff made the Defendants aware of a specific threat to his safety, and warned that he was at a substantial risk of harm, the failure of Defendants to place

3

Plaintiff in protective custody may amount to a failure to protect. For this reason, this complaint cannot be dismissed at this time.

**Disposition:**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **GAETZ, DURHAM, WOLTER, GREATHOUSE, RYAN** and **T. ROY** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or

counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 8, 2011**

    *s/J. Phil Gilbert*
**United States District Judge**