# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLIS WOODS, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 10-cv-870-JPG-PMF |
| DONALD GAETZ, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions for summary judgment, all of which seek a ruling on the affirmative defense of failure to exhaust administrative remedies (Doc. Nos. 72, 95, 100). In his amended complaint, plaintiff Harlis Woods is proceeding under 42 U.S.C. § 1983 on a challenge to the conditions of his former confinement at Menard Correctional Center. Woods claims that ten defendants violated rights protected by the Eighth Amendment by failing to protect him from a known risk of harm from hostile inmates. In particular, he claims that he sought housing reassignments (from general population and segregation to the protective custody unit), based on concerns that he was a target for assault by members of the Satan Disciples prison gang, with whom he was affiliated. He alleges that the defendants knew about the risk of harm and were deliberately indifferent to that danger. He further alleges that he was physically assaulted on May 25, 2010 (Doc. No. 76).

Nine of the defendants seek a ruling in their favor on their affirmative defense that administrative remedies were not properly exhausted prior to suit.[1] Responses are on file (Doc. Nos.

---

[1] Defendant Donald Gaetz has not joined in the defense.

86, 103, 106). An evidentiary hearing was held on February 28, 2012, in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)(disputed facts on the exhaustion defense should be resolved by a judge prior to a decision on the merits).[2]

The parties agree that this suit is subject to the Prison Litigation Reform Act, which provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court of Appeals requires strict compliance with the statute. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion means the prisoner has abided by the procedures for pursing relief. That is, he must file complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). As noted above, failure to exhaust administrative remedies is an affirmative defense. Hence, the defendants bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

The prisoner grievance process usually includes five levels of review. A prisoner first submits his grievance to a counselor. He may then submit a formal grievance to the grievance officer. The warden makes the final decision at the institutional level. A prisoner who is not satisfied by the warden's response may appeal to the Director. Those appeals are handled initially by the administrative review board (ARB). The Director issues the final decision. 20 Ill. Admin. Code § 504.810 et seq. However, grievances regarding certain decisions may be appealed directly to the ARB. One such decision regards the issue grieved by Woods: placement in protective custody. 20 Ill. Admin. Code § 504.870(a)(1).

---

[2] Reasons in support of this recommendation were given at the conclusion of the hearing.

The evidence presented shows that Woods prepared several written grievances. The focus here is the grievance Woods wrote on May 30, 2010. This grievance summarized Woods' claim that he had been denied protective custody at Menard Correctional Center. Woods specifically referred to defendant Donald Gaetz and described others who had denied his requests to be moved to the prison's protective custody unit (Doc. No. 86, pp. 17-18). The grievance proceeded to a hearing before Jackie Miller on July 26, 2010. Woods' concerns were resolved on August 6, 2010, when the director accepted a recommendation that Woods be retained in protective custody. The ARB's recommendation was based on its review of all information submitted, including office records, a protective custody vote sheet, statements made by Woods, and information supplied through electronic mail (Doc. No. 86, p. 15; Doc. No. 46, p. 9).

The primary issue before the Court is whether the final resolution of Woods' May 30, 2010, grievance properly exhausted the Eighth Amendment claim Woods brought against defendants Joe Durham, Jimmy Ryan, Sean Wolters, Monica Greathouse, Timothy Roy, Michael Baker, Matthew Clovis, Shawn Heuer, and Virgil Smith.[3] On this point, the defendants rely on an administrative rule governing the filing of grievances. The rules require grievance forms to:

> [C]ontain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 Ill. Admin. Code § 504.810 (b). The defendants listed above point to Woods' initial grievance, noting that Woods did not identify them when he summarized his safety concerns. They believe one

---

[3] In his response, Woods takes the position that the grievance process was not available. In some circumstances, a grievance procedure that exists on paper may not be available to an inmate. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Kaba v. Stepp*, 458 F.3d. 678, 684 (7th Cir. 2006). This argument need not be reached in order to resolve the merits of the affirmative defense.

purpose of the grievance process is to give them advance notice of a Constitutional deprivation that may result in litigation. Similar arguments have been considered and rejected. *Maddox v. Love*, 655 F.3d 709, 721-22 (7th Cir. 2011); *Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *Ford v. Johnson*, 362 F.3d 395, 397-98 (7th Cir. 2004). The rationale for those rejections applies with equal force to these particular circumstances. The ARB gathered information about Woods' safety concerns by reviewing a number of documents, including the summary Woods wrote, by conducting a hearing, and by conferring with officials at Menard Correctional Center. The ARB resolved Woods' concerns *on the merits* and did not reject his grievance on the ground that important details were lacking. If Woods omitted details, that shortcoming did not interfere with the ARB's assessment of the merit of the grievance and did not prevent the ARB from fashioning appropriate relief (retention in protective custody).

In sum, Woods was not required to name or identify defendants Durham, Ryan, Wolters, Greathouse, Roy, Baker, Clovis, Heuer, and Smith in order to properly exhaust his administrative remedies. His May 30, 2010, grievance "served its function of alerting the state and inviting corrective action." *Maddox*, 655 F.3d at 722.

IT IS RECOMMENDED that the motions for summary judgment on the affirmative defense of exhaustion of administrative remedies (Doc. Nos. 72, 95, 100) be DENIED.

SUBMITTED: __February 28, 2012__ .

                                                                   __S/Philip M. Frazier__
                                                                   **PHILIP M. FRAZIER**
                                                                   **UNITED STATES MAGISTRATE JUDGE**