IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HARLIS WOODS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:10-cv-00870-JPG-PMF |
| ) | |
| **DONALD GAETZ, et al.,** ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Harlis Woods' motion for Rule 11 sanctions (Doc. No. 175). The motion is opposed (Doc. No. 177).

Nine of the defendants filed a motion for summary judgment. That motion is supported by a brief, prepared by Joanna Hulce, formerly an assistant to the Illinois Attorney General and counsel for those nine defendants. The brief filed by Ms. Hulce describes the harm suffered by plaintiff during a physical attack by a hostile inmate on May 25, 2010. There are conflicting descriptions of the gang affiliation held by the inmate who inflicted the harm. While portions of the brief correctly identify the attacker as a Satan Disciple, other portions indicate that plaintiff fought with a Latin King (Doc. No. 157). The evidence identifies the attacker as an inmate affiliated with the Satan Disciples (Doc. Nos. 144, p. 8; Doc. No. 157-1, pp 5, 17). When plaintiff called the errors to the attention of defense counsel, she made an effort to correct the inaccurate statements regarding gang affiliation (Doc. No. 161). Ms. Hulce is no longer employed an assistant to the Illinois Attorney General.

Under Rule 11, an attorney, by presenting to the court a pleading, written motion, or other paper, certifies — to the best of her knowledge, information, and belief — that the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3). The sanction imposed under

Rule 11 must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  Fed. R. Civ. P. 11(c)(4); *Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 657 (7th Cir. 2003).

Upon a complete review of the brief, discovery responses, and supporting evidence, the Court is not persuaded that one or two inaccurate factual remarks in the brief filed by Ms. Hulce warrant imposition of sanctions.  Hulce gleaned the facts supporting her arguments from plaintiff's deposition testimony, which provided a jumble of disconnected details about events, hostile inmates, names, nicknames, threats, relationships, gang affiliations, former gang affiliations, and inter-gang loyalties.  The errors in the brief are best explained as a fluctuation from a degree of clarity to a degree of confusion.   This was not a bad faith misrepresentation or a desire to provide inaccurate facts to the Court.  As noted above, Ms. Hulce initially got it right when she wrote that the assailant, known to plaintiff as "Psycho" was a member of the Satan Disciple gang (Doc. No. 157, pp. 2, 7).   The subsequent mistaken suggestion that plaintiff fought with a Latin King is not the type of misconduct sanctions are designed to deter or are likely to deter.

IT IS RECOMMENDED that plaintiff's motion for sanctions (Doc. No. 175) be DENIED.

SUBMITTED:   November 29, 2012   .

    s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**