IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HARLIS WOODS,

    Plaintiff,

v.

DONALD GAETZ, JOE DURHAM, SEAN WOLTERS, JIMMY RYAN, TIMOTHY RAY, OFFICER HEUER, OFFICE BAKER, OFFICER V. SMITH, OFFICER CLOVIS and MONICA GREATHOUSE,

    Defendants.

Case No. 10-cv-870-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Harlis Woods' motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 237). The Court entered a judgment of dismissal of the relevant claims in this case on September 3, 2014, after finding the parties had substantially complied with certain obligations in a settlement agreement they reached on the eve of the trial of this matter. Woods complains that the Court never ruled on his June 5, 2014, motion to withdraw the settlement (Doc. 221), that the defendants have not, in fact, substantially complied with the settlement agreement, and that the Court entered judgment prematurely after promising not to enter judgment until the defendants paid plaintiff's counsel $1,000 as part of the settlement. The defendants have responded (Doc. 238) that they stand ready to pay the $1,000 to plaintiff's counsel as soon as he completes the paperwork that has been provided to him to initiate the payment process.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th

Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

The plaintiff has not made any argument that convinces the Court that the judgment should be altered or amended. The Court continues to believe the defendants are in substantial compliance with their obligation under the settlement agreement to provide the plaintiff a radio. It further believes the defendants' conduct is consistent with their obligation to pay plaintiff's counsel. Plaintiff's counsel has the ability to start the payment process moving forward. If plaintiff's counsel completes the appropriate paperwork and payment is not forthcoming, he may sue the defendants for breach of the settlement agreement at that time. Finally, the plaintiff has never and does not now provide any substantial reason for withdrawing the settlement agreement. Accordingly, had the motion to withdraw the settlement agreement not been rendered moot by entry of judgment in this case, the Court would have denied it.

For these reasons, the Court **DENIES** the plaintiff's motion to alter or amend the judgment under Rule 59(e) (Doc. 237).

**IT IS SO ORDERED.**
**DATED: October 20, 2014**

> s/J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**